1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

U.S. BANK NATIONAL ASSOCIATION,

8

Plaintiff(s),

9

v.

10

MISSION POINTE HOMEOWNERS
ASSOCIATION,

11
12

Defendant(s).

Case No. 2:15-CV-123 JCM (CWH)

ORDER

13
14
15
16
17
18
19

Presently before the court is plaintiff U.S. Bank, National Association's (the "Bank") motion for summary judgment. (ECF No. 22). Defendant Mission Pointe Homeowners Association (the "HOA") filed a response to the motion outside of the 21-day deadline for submission of the same. *See* LR 7-2(b); *see also* (ECF No. 23). Therefore, defendant's response will be stricken, but the lack of opposition to a motion for summary judgment is not sufficient for the automatic success of that motion. (ECF No. 23); *see also* LR 7-2(d).

20

I.    **Introduction**

21
22

This action involves the nonjudicial foreclosure of the real property at 10245 S. Maryland Parkway Unit 2194, Las Vegas, Nevada. (ECF No. 1).

23
24

The Bank alleges three claims against the HOA: (1) declaratory relief to quiet title; (2) unjust enrichment; and (3) injunctive relief. (*Id.*).

25
26
27
28

The Bank further admits in its motion that, although the contested foreclosure sale occurred on October 7, 2011, it did not receive its purported interest in the property until Nationstar Mortgage LLC assigned to it the senior deed of trust on May 1, 2014. (ECF No. 22); *see also* (ECF Nos. 22-3, 22-7).

**James C. Mahan**
**U.S. District Judge**

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000).  Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp*., 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the

**James C. Mahan**
**U.S. District Judge**

- 2 -

opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.   Discussion

> To show standing to bring a claim, a complaint must show the satisfaction of three prongs: (1) a party must have suffered an "injury in fact," which is an actual or imminent invasion of a legally protected, concrete, and particularized interest, (2) "there must be a causal connection between the injury and the conduct complained of," and (3) it must be likely that the injury will be redressable by a favorable decision."

*United States v. Kovall*, 857 F.3d 1060, 1065 (9th Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

As mentioned above, the Bank clearly did not hold the contested interest prior to the foreclosure sale.  *See* (ECF No. 22).  Therefore, the Bank has not shown that it has standing to bring its claim because the causal connection between the injury and contested action is interrupted by the Bank's acquisition of its purported interest years after the sale.  *See Ditech Financial LLC, v. Saticoy Bay LLC Series 4683 Califa*, No. 2:17-CV-757-JCM-NJK, 2017 WL 2871068, at *2 (D. Nev. July 3, 2017) ("[F]or plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others"); *see also United States v. Kovall*, 857 F.3d 1060, 1065 (9th Cir. 2017).

Even if the Bank did have standing, the date of acquisition of the deed of trust prevents the court from determining that plaintiff has a superior claim to title.  *See Ditech Financial LLC*, 2017 WL 2871068, at *2.  Furthermore, the Bank has not shown that it has exhausted its unjust enrichment claims pursuant to Nevada Revised Statute ("NRS") § 38.310, and its request for preliminary injunction is not an actionable claim.  *See, e.g.*, *Carrington Mortg. Servs., LLC v. Absolute Bus. Sols., LLC*, No. 2:15-cv-01862-JAD-PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016) (holding that an unjust enrichment claim is subject to NRS 38.310's mediation requirement); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-cv-346-JCM-RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A

James C. Mahan
U.S. District Judge

1     request for injunctive relief by itself does not state a cause of action."); *see also* (ECF No. 22).

2     Thus, these claims would not succeed even if plaintiff did show standing.

3           **IV.**     **Conclusion**

4        In sum, plaintiff has indicated that it either does not have standing to bring this case, or

5     each claim would fail or be dismissed from the present action.

6        Accordingly,

7        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Bank's motion for

8     summary judgment (ECF No. 22) be, and the same hereby is, DENIED.

9        IT IS FURTHER ORDERED that the complaint (ECF No. 1) be, and the same hereby is,

10    DISMISSED, without prejudice.

11        The clerk shall enter judgment accordingly and close the case.

12        DATED July 18, 2017.

13

14                              UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -